TNW Docket No. 00980-32651



Peter M. de Jonge (Utah #7185)
Bradley P. Cardon (Utah #11527)
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 350
Sandy, Utah 84070
Attorneys for Plaintiff, American Covers, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMERICAN COVERS, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>IMAK PRODUCTS CORPORATION, a California Corporation,<br><br>Defendant. | CASE NO._____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT WITH JURY DEMAND**<br><br>Case: 2:08cv00909<br>Assigned To : Nuffer, David<br>Assign. Date : 11/21/2008<br>Description: American Covers v. Imak Products |

Plaintiff American Covers, Inc., by and through its counsel, hereby files this Complaint for Declaratory Judgment with Jury Demand against Defendant IMAK Products Corporation, and pleads and avers as follows:

### PARTIES, JURISDICTION AND VENUE

1. American Covers, Inc. (hereinafter referred to as "American Covers" or "Plaintiff"), is a Utah Corporation with a principal place of business at 675 West 14600 South, Bluffdale, Utah 84065.

1

TNW Docket No. 00980-32651

2. Upon information and belief, IMAK Products Corporation (hereinafter referred to as "IMAK" or "Defendant") is a California Corporation with a principal place of business at 2515 Camino Del Rio South #240, San Diego, California 92109.

3. Plaintiff brings this action under the Lanham Trademark Act, Title 15, United States Code § 1025, *et seq*, and under the Federal Declaratory Judgment Statute, Title 28 United States Code §§2201, 2202.

4. This Court has subject matter jurisdiction over this action pursuant to 28 United States Code §§ 1331, 1338, and 15 United States Code § 1125(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since Defendant has conducted continuous and systematic business directly related to the trade dress at issue in this case in this judicial district and because Plaintiff's principal place of business is within this judicial district.

6. This Court has personal specific jurisdiction over Defendant as Defendant has purposefully directed its activities toward the state of Utah and this action is based upon activities that arise out of or relate to those contacts.

7. Additionally, this Court has general personal jurisdiction over Defendant since its contacts with Utah are substantial, continuous, and systematic.

## GENERAL ALLEGATIONS

8. American Covers dba HANDSTANDS is in the business of inventing, developing, manufacturing, distributing and selling a wide variety of consumer products, including computer accessories such as wrist cushions for keyboards and mouse pads. Plaintiff's product line specifically includes the HANDSTANDS Wrist Rest for keyboards and the

2

TNW Docket No. 00980-32651

HANDSTANDS ADD-A-PAD Wrist Support for mouse pads.

  9. Upon information and belief, IMAK makes, advertises and sells a line for products for orthopedic support and pain relief, including wrist cushions for keyboards and mouse pads. This product line specifically includes the IMAK Wrist Cushion and the IMAK Mouse Cushion. These products are similar in design, shape and marketing to the previously-identified wrist cushions for keyboards and mouse pads sold by American Covers.

  10. Upon information and belief, Plaintiff and Defendant are direct competitors in the computer accessories industry, both companies selling their wrist cushions for keyboards and mouse pads products via Internet websites, distributors, and through retail office chains such as Staples.

  11. On or about September 29, 2008, Plaintiff received correspondence from counsel for Defendant alleging that Plaintiff had sold or offered to sell wrist cushions for keyboards and mouse pads that intentionally mimic certain aspects of the trade dress of the IMAK products, thereby engaging in Infringement of Trade Dress, Unfair Competition, and False Advertising. A copy of the correspondence from Defendant's counsel is attached to this Complaint as Exhibit A.

  12. Upon information and belief, Defendant has not received a Registration Certificate from the United States Patent and Trademark Office for the trade dress of the IMAK wrist cushions for keyboards and mouse pads.

  13. Upon information and belief, Defendant has no registration applications pending with the United States Patent and Trademark Office for the trade dress of the IMAK wrist cushions for keyboards and mouse pads.

  14. On or about October 10, 2008, Plaintiff responded to counsel for Defendant,

TNW Docket No. 00980-32651

stating that Defendant had failed to identify any specific aspects of the IMAK products which Defendant considers to be protectable, and which trade dress features Defendant considers to be infringed by the HANDSTANDS products. A copy of the correspondence from counsel for Plaintiff is attached to this Complaint as Exhibit B.

15. On or about October 23, 2008, Plaintiff received further correspondence from counsel for Defendant alleging that the HANDSTANDS products infringe the IMAK trade dress "taken as a whole", and that HANDSTANDS copied features of the IMAK products so that the overall trade dress of the HANDSTANDS products causes customer confusion and results in infringement. A copy of the correspondence from counsel for Defendant is attached to this Complaint as Exhibit C.

16. As a result of the aforementioned letter, Plaintiff has a reasonable fear and apprehension that litigation will be brought against it at least as an infringer of IMAK's alleged trade dress of the IMAK Wrist Cushion or the IMAK Mouse Cushion.

17. At least based on the above, an actual and justifiable controversy exists between the parties.

18. Plaintiff asserts that Defendant has no cause of action under the Lanham Act for various reasons including, but without limitation, statutory language and well-established case law holding that trademark law does not provide protection for the functional aspects of the IMAK Wrist Cushion or the IMAK Mouse Cushion products.

19. Plaintiff asserts that Defendant has no cause of action under the Lanham Act for various reasons including, but without limitation, that any non-functional aspects of the IMAK Wrist Cushion or the IMAK Mouse Cushion are not inherently distinctive and have not acquired

TNW Docket No. 00980-32651

secondary meaning.

20.     Furthermore, even if Defendant is able to show that it has a protectable trademark, Plaintiff asserts that it has not infringed Defendant's trademark because its products and packaging are sufficiently different to avoid the likelihood of confusion.

21.     Plaintiff further asserts that it has not engaged in false advertising because its products and packaging do not contain any false or misleading description or representation of fact, nor does it misrepresent the nature, characteristics, quality or origin of its products.

22.     As such, Plaintiff contends that it is entitled to an order declaring that the sale of its wrist cushions for keyboards and mouse pads, specifically the HANDSTANDS Wrist Rest and the HANDSTANDS ADD-A-PAD Wrist support, does not and will not infringe upon Defendant's unregistered trademark.

23.     Plaintiff also contends that it is entitled to an order declaring that the sale of its wrist cushions for keyboards and mouse pads, specifically the HANDSTANDS Wrist Rest and the HANDSTANDS ADD-A-PAD Wrist support, does not and will not constitute false advertising.

## CAUSE OF ACTION

### (Declaratory Relief – 28 U.S.C. §§2201, 2202 and 15 U.S.C. §1125(a))

24.     Plaintiff hereby incorporates by this reference each and every preceding allegation contained in paragraphs 1 through 23 as if set forth fully herein.

25.     On or about September 29, 2008, Plaintiff received correspondence from counsel for Defendant alleging that Plaintiff had sold or offered to sell wrist cushions for keyboards and

TNW Docket No. 00980-32651

mouse pads and thereby engaged in infringement of trade dress, unfair competition, and false advertising which have damaged IMAK.

26. As a result of the aforementioned letter, Plaintiff has a reasonable fear and apprehension that a trademark infringement suit will be brought against it at least as an infringer of the alleged trade dress of the IMAK Wrist Cushion or the IMAK Mouse Cushion.

27. Accordingly, an actual and justiciable controversy exists between the parties.

28. Plaintiff asserts that Defendant has no cause of action under the Lanham Act and/or 15 U.S.C. §1125(a) for various reasons including, but without limitation, statutory language and well-established case law holding that trademark law does not provide protection for the functional aspects of the IMAK Wrist Cushion or the IMAK Mouse Cushion products.

29. Plaintiff asserts that Defendant has no cause of action under the Lanham Act and/or 15 U.S.C. §1125(a) for various reasons including, but without limitation, that any non-functional aspects of the IMAK Wrist Cushion or the IMAK Mouse Cushion are not inherently distinctive and have not required secondary meaning.

30. Furthermore, even if Defendant is able to show that it has a protectable trademark, Plaintiff asserts that it has not infringed Defendant's trademark because its products and packaging are sufficiently different to avoid the likelihood of confusion.

31. Plaintiff further asserts that it has not engaged in false advertising because its products and packaging do not contain any false or misleading description or representation of fact, nor does it misrepresent the nature, characteristics, quality or origin of its products.

32. As such, Plaintiff contends that it is entitled to an order declaring that the sale of its wrist cushions for keyboards and mouse pads, specifically the HANDSTANDS Wrist Rest

and the HANDSTANDS ADD-A-PAD Wrist support, does not and will not infringe upon Defendant's alleged trademark.

33. Plaintiff also contends that it is entitled to an order declaring that the sale of its wrist cushions for keyboards and mouse pads, specifically the HANDSTANDS Wrist Rest and the HANDSTANDS ADD-A-PAD Wrist support, does not and will not constitute false advertising.

**WHEREFORE**, it is respectfully requested that the court enter a judgment in favor of Plaintiff as follows:

A. That the Court enter judgment declaring that Defendant's alleged trade dress of the IMAK Wrist Cushion and the IMAK Mouse Cushion is invalid.

B. That the Court enter judgment declaring that Plaintiff's activities, including but not limited to, the sale of the HANDSTANDS Wrist Rest and the HANDSTANDS ADD-A-PAD Wrist Support, does not and will not infringe Defendant's unregistered trademark for the IMAK Wrist Cushion or the IMAK Mouse Cushion.

C. That the Court enter judgment declaring that Plaintiff's activities, including but not limited to, the sale of the HANDSTANDS Wrist Rest and the HANDSTANDS ADD-A-PAD Wrist Support does not and will not constitute false advertising with regards to the IMAK Wrist Cushion and the IMAK Mouse Cushion.

D. That the Court enter judgment declaring that Plaintiff's activities, including but not limited to, the sale of the HANDSTANDS Wrist Rest and the HANDSTANDS ADD-A-PAD Wrist Support does not and will not constitute unfair competition with regards to the IMAK Wrist Cushion and the IMAK Mouse Cushion.

TNW Docket No. 00980-32651

E.   That the Plaintiff have such other and further relief as shall seem just and proper to the Court.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all claims and issues so triable.

DATED this 21st day of November, 2008.

Peter M. de Jonge <dejonge@tnw.com>
Bradley P. Cardon <cardon@tnw.com>
THORPE NORTH & WESTERN, LLP
8180 S. 700 E., Suite 350
PO Box 1219
Sandy, UT 84091-1219
Phone: 801-566-6633
Facsimile: 801-566-0750
Attorneys for Plaintiff

TNW Docket No. 00980-32651

# EXHIBIT A

DuaneMorris*

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

DOUGLAS E. OLSON
DIRECT DIAL: 619.744.2240
E-MAIL: deolson@duanemorris.com

www.duanemorris.com

September 29, 2008

VIA REGULAR MAIL, FACSIMILE, & EMAIL

Dan Watkins, CEO
Alan Wheatly, President
American Covers, Inc. dba Handstands
675 West 14600 South
Bluffdale, UT 84065
Fax: (801) 553-1212
Email: comments@handstands.com

Re:   Cease and Desist

Dear Mr. Watkins and Mr. Wheatly:

    For over six years, IMAK has been selling a distinctive Wrist Cushion and Mouse Cushion, filled with latex-free ergoBeads. The Wrist Cushion and Mouse Cushion has been sold in every state in the United States in office and electronics chains such as Staples, Office Depot, Frys, Best Buy, et cetera.

    As a result of the extensive sales of the IMAK Wrist Cushion and Mouse Cushion, in combination with marketing and advertising efforts performed by IMAK, and also in combination with marketing and advertising efforts performed by Staples and other customers of IMAK, most of which feature the trade dress associated with the IMAK Wrist Cushion and Mouse Cushion, that trade dress has become well-known to customers. The current distinctive trade dress of the IMAK Wrist Cushion and Mouse Cushion has been in use for approximately six years.

    The distinctive trade dress of the IMAK Wrist Cushion and Mouse Cushion serves to distinguish the products of IMAK from those of competitors of IMAK. This distinctive trade dress is a valuable asset of IMAK because it symbolizes to customers that they are obtaining a certain quality including, but not limited to, the consumers perception of quality, efficacy and efficiency in products which they are seeking out and purchasing.

    The distinctive trade dress used in connection with the IMAK Wrist Cushion and Mouse Cushion is inherently distinctive and non-functional.

DuaneMorris

Dan Watkins, CEO
Alan Wheatly, President
American Covers, Inc. dba Handstands
September 29, 2008
Page 2

    It has been the expectation of IMAK that competitors would fully respect the IMAK products and not use confusingly similar products and trade dress.

    Our investigation indicates that Handstands has copied the non-functional aspects of the IMAK Wrist Cushion and Mouse Cushion and has also used the distinctive trade dress of the IMAK Wrist Cushion and Mouse Cushion in products which it offers for sale to Staples and other customers.

    The Handstands Wrist Rest and Mouse Cushion (ADD-A-PAD) taken as a whole were designed in a manner to intentionally mimic certain aspects of the trade dress of the IMAK product. As a result, Handstands has engaged in Infringement of Trade Dress, Unfair Competition and False Advertising which have damaged IMAK.

    In addition, we are taking this opportunity to inform you that IMAK has filed for patent protection on its products.

    IMAK requests that Handstands immediately cease and desist from the activities set forth above and, in particular, cease and desist advertising, marketing, offering for sale and selling the Handstands Wrist Rest and Mouse Cushion (ADD-A-PAD).

    I would appreciate it if your attorney would call me to discuss this matter or send me a letter representing that infringement has ceased.

Sincerely,

Douglas E. Olson
Partner

DEO/kat

TNW Docket No. 00980-32651

# EXHIBIT B



**THORPE NORTH AND WESTERN**
INTELLECTUAL PROPERTY LAW

M. Wayne Western
Garron M Hobson
Peter M. de Jonge
Steve M. Perry
Gary P. Dakeson
David W. Osborne
Jason R. Jones
Christopher L. Johnson
Robert R. Mallinckrodt
Erik S Ericksen, M.S.
Alex W Haymond
Gordon K. Hill
Todd B. Alder. Ph.D.
Robert L. Lundstrom
P Scott Smith
J Abby Barraclough
Ronald A Burchett
Sara Anderson Snow
Jed H. Hansen. M.S.
Richard L. Green. Ph.D
Bradley P Carden M.S

*Technical Consultants*
Randy M. Braegger
David G Wilding
Shung H Chan, M.S

www.tnw.com

8180 South 700 East
Suite 350
Sandy, Utah 84070-0562
1 801.566.6633
f 801.566.0750
patlaw@tnw.com

U.S. Mailing Address:
P.O. Box 1219
Sandy, Utah 84091-1219

The Team Approach to
Premier Performance

Peter M. de Jonge
*Registered Patent Attorney*
dejonge@tnw.com

October 10, 2008

Douglas E. Olson
Duane Morris LLP
101 West Broadway, Suite 900
San Diego, CA 92101

Re: Cease and Desist Letter from IMAK Products Company

Dear Mr. Olson:

Our firm represents American Covers, Inc., dba HandStands in connection with all its intellectual property matters. We are in receipt of your letter of September 29, 2008 wherein you accuse HandStands of trade dress infringement, unfair competition and false advertising.

In your letter, you assert that the IMAK Wrist Cushion and Mouse Cushion have trade dress which is inherently distinctive and non-functional. However, your letter fails to identify which specific aspects of each IMAK product you consider to be protectable. Moreover, your letter also fails to specifically identify which trade dress features you consider to be infringed.

As you know, a "person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional." [15 United States Code § 1125(a)(3)]. A cursory evaluation of each IMAK product confirms that all of their features are functional. If you believe otherwise, please identify the specific features of the Wrist Cushion or the Mouse Pad which you consider to be non-functional.

Even if a product or its packaging does have non-functional features, the case law is clear that those features must have acquired secondary meaning in order to be protectable. Unfortunately, your letter does not point out which aspects of the IMAK products that you believe have acquired secondary meaning and are therefore protectable. Additionally, your letter fails to identify the features of the Handstands products which you believe violate your client's trade dress.

Based on our review of your letter and the products at issue, we disagree that the Handstands products infringe any protectable trade dress in the IMAK products. Unless we hear from you otherwise, we will consider this matter closed. Please feel free to contact me directly if you have any questions.

Sincerely,

THORPE NORTH & WESTERN, LLP

Peter M. de Jonge

PMD/BC/ef

TNW Docket No. 00980-32651

# EXHIBIT C

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

DOUGLAS E. OLSON
DIRECT DIAL: 619.744.2240
E-MAIL: deolson@duanemorris.com

www.duanemorris.com

October 23, 2008

VIA REGULAR MAIL, FACSIMILE, & EMAIL

Peter M. De Jonge
Thorpe North & Western
8180 South 700 East, Suite 350
Sandy, Utah 84070
Fax: (801) 566-0750
Email: dejonge@tnw.com

    Re:    Cease and Desist

Dear Mr. De Jonge:

    I am responding to your letter of October 10, 2008.

    You have argued that we have not identified "which trade dress features" we would consider to be infringed. As pointed out in our letter, it is our contention that the HANDSTANDS products infringe the IMAK trade dress "taken as a whole". HANDSTANDS has copied features of the IMAK products so that the overall trade dress of the HANDSTANDS products causes customer confusion and results in infringement.

    I would like to first direct your attention to the packaging of the HANDSTANDS "ADD - A-PAD" which has the same shape as the packaging as the IMAK "Mouse Cushion". Further, the positioning of the Mouse Cushion within the package, is the same for the HANDSTANDS product as for IMAK's product and was similarly done with the intent of causing confusion. Further still, the picture of the mouse and mouse cushion and the positioning of the picture on the package, was clearly done with the intent of causing confusion. The colors of the products themselves, are effectively indistinguishable.

    I would also like to direct your attention to the packaging for the HANDSTANDS' "WRIST REST" which was solely adopted to cause confusion between HANDSTANDS' "WRIST REST" and IMAK'S Wrist Cushion. Handstands has chosen to use the same shape, color, wording and configuration for their product and packaging. For example, see the configuration of HANDSTANDS' "WRIST REST" within the package.

DuaneMorris

Peter M. De Jonge
Thorpe North & Western
October 23, 2008
Page 2

    Further, we point out that Handstands has chosen to use the same shape, color, wording and product configuration for their products and packaging that has been used by IMAK to create inherently distinctive trade dress, even though an inspection of stores where both products are sold indicates that a wide variety of packaging, product design and product color exist in the marketplace.

    There are many other examples of likelihood of confusion. In view of the overwhelming evidence, we look forward to your agreement to cease and desist.

Sincerely,

Douglas E. Olson
Partner

DEO/kat